THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **RISHENG HAN** <br>            Plaintiff, <br><br> v. <br><br> **JOHN DOE** <br><br>            Defendant. | Civil Action No. 1:15-cv-1011-SS |

**IN RE: 0004.COM DOMAIN**

### MOTION FOR ENTRY DEFAULT JUDGMENT

Plaintiff Risheng Han ("Plaintiff"), pursuant to Fed. R. Civ. P. 55(b)(2) and the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. 1125 (the "ACPA") for unlawful transfer of the 0004.com internet domain, respectfully requests the Court render a default judgment against John Doe ("Defendant") awarding *in rem* injunctive relief in the form of a transfer of the 0004.com domain back into the ownership and control of Plaintiff. By his default, which has been noted on the docket in this action, Defendant has conceded the truth of the allegations in the complaint in this matter. Plaintiff is therefore entitled to an order transferring the 0004.com domain back to him.

### STATEMENT OF FACTS

Plaintiff Risheng Han ("Plaintiff") acquired and transferred the domain 0004.com (the "Website") to the domain service provider Enom.com on December 13, 2013. *See* Complaint ¶¶ 10-12. Plaintiff used the trademark 0004.com as a service mark for e-commerce services offered

through the Website.  Complaint at ¶¶ 11; Declaration of Risheng Han, ¶ 3, attached hereto as Exhibit A.  The Website and accompanying e-commerce services were available to customers worldwide, including at least 100 customers per month in the United States from December 13, 2013 until on or around June 26, 2014.  Complaint at ¶¶ 10-14; *see also* Ex. A at ¶¶ 3-5.

On or around June 26, 2014, John Doe a/k/a Zhonghua ("Defendant") unlawfully gained access to Plaintiff's Enom.com account.  Complaint at; Ex. A at ¶ 6.  Upon gaining access to Plaintiff's Enom.com account, Defendant transferred the Website to another domain service provider PDR LTD. D/B/A Public Domain Registry at publicdomainregistry.com.  Ex. A at ¶ 6. Plaintiff subsequently regained control over the Enom.com account but was unable to transfer control back from PDR LTD.  Complaint at 16; Ex. A at ¶ 6.  Subsequently, Defendant once again transferred the Website to a third domain name service Bigrock Solutions Limited ("Bigrock"), located at 8140 N. Mopac Expy., Bldg. 2, Austin, TX 78759.  Plaintiff has contacted Bigrock but was unable to regain control over the Website.  Ex. A at ¶ 7.

On information and belief, Defendant is a hacker who unlawfully gained control over the Website and subsequently transferred ownership.  Upon information and belief Defendant profited from the transfer of the Website.  Currently the Website is being used to offer pornographic materials to customers worldwide, including customers in the United States.  *See* Ex. A at ¶ 8.

Plaintiff filed this action on November 6, 2015, under 15 U.S.C. § 1125(d) seeking transfer of the domain back to Plaintiff.  As set forth in the Declaration of Timothy T. Wang, Plaintiff attempted to serve Defendant via certified mail and email as required by 15 U.S.C. § 1125(d) on November 10, 2015, but was unsuccessfully as Defendant used false contact information.  (Dkt. No. 4-1, at ¶ 6-8.  Plaintiff then moved for and was granted an order for service by publication (Dkt. Nos. 4 and 7).  Subsequently, Plaintiff had published this Court's Order granting Plaintiff's

Motion for Service by Publication in the Austin American Statesman. Dkt. No. 9-1 at ¶ 2. Defendant has not filed an answer to the Complaint or otherwise defended in this civil action. *Id.* at ¶ 4. On March 17, 2016, Plaintiff filed a Motion for Clerks Entry of Default, and the Clerk entered such. (Dkt. Nos. 9 and 10).

Pursuant to Fed. R. Civ. P. 55(b)(2), Plaintiff now moves this Court for an Order entering default judgment, finding that Defendant is liable on all counts of Plaintiff's Complaint. Fed. R. Civ. P. 55(b)(2). Plaintiff further seeks an order that the Website used by Defendant be permanently transferred to Plaintiff as per 15 U.S.C. 1125(d)(1)(c).

## ARGUMENT

The Court will note that, pursuant to the remedies available for an *in rem* action brought pursuant to the ACPA, no damages are sought. Plaintiff, upon receipt of judgment in this matter, requests that the remaining claims be dismissed, without prejudice. The request for default seeks only an order transferring the 0004.com domain back to Plaintiff.

**I.     JURISDICTION AND VENUE ARE PROPER IN THIS COURT**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under Federal Law. *In Rem* jurisdiction exists over the Website pursuant to 15 U.S.C. § 1125(d)(2)(A), as the Website which was unlawfully transferred and violates Plaintiff's trademark right and Defendant appears to be a citizen of China and without sufficient contacts to confer personal jurisdiction in this Court. Venue is also proper in this District pursuant to 1125(d)(2)(A) and (C) because the registrar, Bigrock is located within this Court's judicial district. Furthermore, on February 5, 2015, Defendant was served by publication as ordered by this Court and as authorized by 15 U.S.C. § 1125 (d)(2)(A)(ii)(II)(bb) which constitutes proper service in this matter.

## II.     DEFENDANT HAS VIOLATED 15 U.S.C. § 1125(d)

Plaintiff's Complaint alleges that Plaintiff owns the exclusive rights to the 0004.com trademark, which is in full force and effect, and is a distinctive mark pursuant to 15 U.S.C. § 1125. Complaint at ¶ 10-11. Plaintiff further alleges that Defendant has acted with the bad faith intent to profit from the 0004.com trademark and the goodwill associated with the 0004.com trademark by hacking into and transferring the 0004.com domain, which is identical to Plaintiff's trademark. *Id.* at 12-19.  As such, Plaintiff requests entry of judgment for willful cybersquatting.

In order to state a claim under the Anti-cybersquatting Consumer Protection Act (the "ACPA"), a plaintiff must allege that the defendant: (1) registered, trafficked in, or used a domain name that is identical or confusingly similar to a distinctive mark, or is identical or confusingly similar to or dilutive of a famous mark; and: (2) defendant has a bad faith intent to profit from the mark. 15 U.S.C. § 1125(d)(1)(a)); *see also*, *Baylor Univ. v. Int'l Star, Inc.*, No. W-00-CA-231, 2001 U.S. Dist. LEXIS 23619, at *9 (W.D. Tex. Nov. 7, 2001).

### 1. The Registered Domain is Identical to Plaintiff's Mark.

The ACPA protects both registered and unregistered common law marks.  15 U.S.C. § 1125(d)(2)(A)(i).  As Plaintiff's Complaint makes clear, Plaintiff's trademark is 0004.com, a valid and distinctive trademark.  Complaint at ¶¶ 10-13.  Plaintiff owned the Website which is identical to the 0004.com mark, and used it in e-commerce from December 10, 2013 until on or around June 26, 2014.  *See Id.* at ¶¶ 10-14; *see also* Ex. A at ¶¶ 3-5.  On June 26, 2014, Defendant illegally gained access to Plaintiff's Enom.com account and wrongfully transferred the Website to another registrar, PDR LTD.  Complaint at ¶ 14, 16.  Thus Defendant clearly transferred and registered a domain name that is identical to Plaintiff's distinctive mark, without authorization.

**2. Defendant had a Bad Faith Intent to Profit from the Mark.**

Plaintiff's Complaint makes it clear that Defendant possessed the requisite bad faith intent. First, the contact information supplied by Defendant is false and misleading. Complaint at ¶ 14. Second, Defendant had no trademark rights in the 0004.com trademark as Plaintiff used it continuously until the illegal taking. *Id.* at ¶ 11-14.

The ACPA enumerates nine non-exclusive factors to consider when determining bad faith including:

> (I) the trademark or other intellectual property rights of the person, if any, in the domain name;
> . . .
> (III) the person's prior use, if any, of the domain name in connection with the bona fide offering of any goods or services;
> (IV) the person's bona fide noncommercial or fair use of the mark in a site accessible under the domain name;
> (V) the person's intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site;
> . . .
> (VII) the person's provision of material and misleading false contact information when applying for the registration of the domain name, the person's intentional failure to maintain accurate contact information, or the person's prior conduct indicating a pattern of such conduct;

15 U.S.C. 1125(d)(1)(b)(i).

Factors I, III, IV, V and VII are applicable here. Factor I takes into account the trademark or other intellectual property rights of the defendant in the domain. Currently the Website is being used to redirect Internet traffic to an adult website. Ex. A, at ¶ 8. The 0004.com trademark is not being used in any shape or fashion other than to redirect traffic. *Id.* Defendant therefore has no trademark rights or other intellectual property rights in the domain name. Second, factor III looks at the prior use of the domain name by the defendant in connection with a bona fide offering of

goods and services. Defendant has no prior use under this factor, as Plaintiff was the sole user until Defendant illegally gained control over the Website. Third, Defendant has no bona fide non-commercial or fair use of the mark in a site accessible under the domain name. As has already been shown, the Website is currently being used to redirect traffic to a for-profit adult website. *Id.* at ¶ 8. Fourth, factor IV weighs in Plaintiffs favor as the website is currently being used to divert consumers to a site accessible under the domain – a pornography website, which can and does tarnish the goodwill associated with Plaintiff's 0004.com trademark. *Id.* at ¶ 8. Finally, Defendant supplied false and misleading contact information to the account at PDR LTD where he immediately transferred the Website to. Complaint at ¶ 14 and 17. Under these factors, there can be no doubt that Defendant demonstrated a bad faith intent.

### 3. Plaintiff's Mark Should be Returned.

This Court should enter a Default Judgment against Defendant, and an order requiring Bigrock Solutions to transfer ownership of the Website back to Plaintiff. Plaintiff has shown that it owned and used the 0004.com trademark, and that Defendant illegally gained access to and absconded with the Website, which is identical to the mark. Defendant's acts prior to the illegal taking and after show that Defendant possessed bad faith intent under 15 U.S.C. 1125(d)(1)(B)(i). The proper remedy under 15 U.S.C. 1125(d)(1)(C) is for this Court to enter an order requiring the transfer of the Website back to plaintiff. 15 U.S.C. 1125(d)(1)(C) ("In any civil action involving the registration, trafficking, or use of a domain name under this paragraph, a court may order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark.").

### III. DEFAULT JUDGMENT SHOULD BE ENTERED AGAINST DEFENDANT

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

As noted above, on February 5, 2016, Plaintiff served Defendant by publication. More than 21 days have passed since Defendant was served, and no answer or other responsive pleading has been filed. Accordingly, default judgment is appropriate and Plaintiff requests an order that the Website be permanently transferred to Plaintiff.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter default judgment against Defendant directing that the Website be permanently transferred to Plaintiff.

DATED April 13, 2016.   Respectfully submitted,

By: /s/ *Stevenson Moore*
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEY FOR PLAINTIFF
RISHENG HAN**